UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
OLIVER WRIGHT,

       Petitioner,

**OPINION & ORDER**
**CV-06-1725 (SJF)(MDG)**

-against-

ISRAEL RIVERA, Superintendent,
Coxsackie Correctional Facility,

       Respondent.
------------------------------------------------------- X
FEUERSTEIN, J.

  On January 3, 2001, a judgment of conviction was entered against petitioner Oliver Wright (petitioner) in the Supreme Court of the State of New York, Kings County (Marrus, J.), upon a jury verdict finding him guilty of rape in the first degree (four counts) and imposition of sentence. On April 7, 2006, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner now seeks a stay of his petition pending exhaustion of his claims in state court. For the reasons set forth herein, petitioner's application is granted.

I.  BACKGROUND

  On January 3, 2001, a judgment of conviction was entered against petitioner in the Supreme Court, Kings County (Marrus, J.) (the trial court), upon a jury verdict finding petitioner guilty of rape in the first degree (four counts) and imposition of sentence of a determinate term of imprisonment of eight years for each of the four counts of first degree rape, with the two counts relating to one victim to run concurrently to each other, the two counts relating to a second

1

victim to run concurrently to each other, and the counts relating to the two victims to run consecutively, for a total term of imprisonment of sixteen years.

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department on the grounds, *inter alia*: (1) that his Antommarchi rights were violated by the trial court requiring him to choose between absenting himself from bench and/or sidebar conferences or not allowing any prospective juror to approach the bench during voir dire; (2) that the evidence was legally insufficient; (3) that the verdict was against the weight of the evidence; (4) that he was denied the effective assistance of counsel; (5) that the sentence imposed was excessive; (6) that the prosecutor's cross examination of him was improper and unduly prejudicial; and (7) that the prosecutor's summation was prejudicial and denied him a fair trial. On June 14, 2004, the Appellate Division, Second Department affirmed the judgment of conviction, finding, *inter alia*, that petitioner's Antommarchi rights were not violated because there is no requirement that the court interview any jurors in private or at the sidebar; that petitioner's challenge to the legal sufficiency of the evidence was unpreserved and, in any event, was without merit; that the verdict was not against the weight of the evidence; that petitioner received meaningful representation at trial; that the sentence imposed was not excessive; and that petitioner's remaining contentions were without merit. People v. Wright, 8 A.D.3d 507, 778 N.Y.S.2d 693 (N.Y. App.Div. 2004). On August 16, 2004, the Court of Appeals denied leave to appeal the order of the Appellate Division. People v. Wright, 3 N.Y.3d 683, 784 N.Y.S.2d 21, 817 N.E.2d 839 (2004). Thus, petitioner's judgment of conviction became final on November 14, 2004, when his time expired to seek direct review by writ of certiorari to the United States Supreme Court. See Rule 13(1) of the Rules of the Supreme Court

of the United States; 28 U.S.C. § 2101(d).

By motion dated September 16, 2005, petitioner filed an application for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, the Appellate Division's June 14, 2004 order affirming petitioner's judgment of conviction. By order dated December 12, 2005, the Appellate Division, Second Department, denied petitioner's application for a writ of error coram nobis, finding that petitioner had failed to establish that he was denied the effective assistance of appellate counsel. People v. Wright, 24 A.D.3d 576, 577 (N.Y. App.Div. 2005). On March 31, 2006, the Court of Appeals denied leave to appeal the December 12, 2005 order of the Appellate Division. People v. Wright, 6 N.Y.3d 840, 814 N.Y.S.2d 88, 847 N.E.2d 385 (2006).

On or about April 7, 2006, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging (1) that the verdict was against the weight of the evidence; (2) that the prosecutor's use of pornographic photographs found in petitioner's room was improper and prejudicial; (3) that his trial counsel was ineffective for failing to object to the prosecutor's use of the pornographic photographs; (4) that the prosecution failed to prove his guilt beyond a reasonable doubt; (5) that the prosecutor's summation was prejudicial and denied him a fair trial; (6) that the petitioner's waiver of his Antommarchi rights was invalid; (7) that the sentence imposed was excessive; and (8) that petitioner was denied the effective assistance of appellate counsel. Respondent filed his return on September 18, 2006.

On or about October 24, 2006, petitioner commenced a proceeding against the State of New York Department of Corrections (DOC) in the Supreme Court of the State of New York, County of Albany, pursuant to Article 78 of the New York Civil Practice Law and Rules,

challenging the determination of the DOC to add five years post-release supervision to his sentence pursuant to New York Penal Law § 70.45. According to the verified petition filed in the Article 78 proceeding, petitioner first learned about the imposition of the five year post-release supervision on June 19, 2006.

Petitioner now moves for an order staying this proceeding during the pendency of the Article 78 proceeding so that he can amend his petition accordingly.

II. DISCUSSION

A. Leave to Amend

Since petitioner seeks a stay to exhaust a claim not raised in his original habeas petitioner, I must first determine whether he may amend his petition to include a claim that the imposition of five years post-release supervision by the DOC violated his due process rights.

Rule 15(a) of the Federal Rules of Civil Procedure governs the standard for determining a motion to amend a habeas corpus petition that has not yet been decided on the merits. See Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001); see also 28 U.S.C. § 2242 (providing that a petition for a writ of habeas corpus "may be amended * * * as provided in the rules of procedure applicable to civil actions"); Rules Governing Section 2254 Cases in the United States District Courts (Habeas Corpus Rules), Rule 11 (permitting application of the Federal Rules of Civil Procedure in habeas cases to the extent they are not inconsistent with any statutory provisions or the Habeas Corpus Rules); Fed. R. Civ. P. 81(a)(2) (stating that the civil rules are applicable to habeas corpus proceedings). Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] party may amend the party's pleading once as a matter of course at any

4

time before a responsive pleading is served * * *. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Since respondent filed his response to the petition, and has not filed written consent to amend, I construe petitioner's application for a stay as also seeking leave to amend the petition.

Notwithstanding the liberal amendment requirement of Rule 15(a), leave may be denied "in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," Littlejohn, 271 F.3d at 363; see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), or where the proposed amendment would be futile. See Jones v. New York State Div. of Military and Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999). An amendment would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6). See Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002).

1. Futility of Proposed Claim

   a. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

> "from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on

5

which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction became final on November 14, 2004 and he had one year from that date, or until November 14, 2005, within which to file a petition for a writ of habeas corpus. However, that limitations period was tolled during the pendency of petitioner's application for a writ of error coram nobis, to wit, from the period between September 16, 2005 through March 31, 2006. Since petitioner filed his original habeas petition on April 7, 2006, the original habeas petition is timely.

However, petitioner now seeks to raise a claim that the imposition of five years post-release supervision by the DOC violated his due process rights. Although more than one year has elapsed since the date on which petitioner's judgment became final, even taking into account all tolling periods, the AEDPA limitations period runs from the latest of that date or, *inter alia*, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(2). As plaintiff did not discover the factual predicate for this proposed claim until June 19, 2006, and he had no reason to otherwise suspect that his sentence had been altered by the imposition of post-release supervision such that he should have discovered it earlier with due diligence, he had one year from that date to assert this claim. Since plaintiff commenced the Article 78 proceeding on October 24, 2006, thereby tolling the limitations period, his proposed claim is timely under the AEDPA.

b. Merits of Proposed Claim

In Earley v. Murray, 451 F.3d 71, 74-75 (2d Cir. 2006), cert. denied, 127 S.Ct. 3014 (2007), the Second Circuit held that the DOC's imposition of a five-year tem of post-release supervision to petitioner's sentence of a determinate term of imprisonment, without informing petitioner, was contrary to clearly established federal law, even though the post-release supervision was mandatory under New York law, because Supreme Court precedent, set forth in Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed.2d 1283 (1936), has established that the only cognizable sentence is the one imposed by the judge and that any alteration to that sentence is of no effect unless made by a judge at a re-sentencing hearing. In addition, the Second Circuit held that the DOC does not have the power to alter a sentence and, thus, the additional provision for post-release supervision added by the DOC was a nullity. Id. Accordingly, plaintiff's proposed claim is not frivolous and, thus, any amendment to assert that claim would not be futile.

2. Delay and Prejudice

Furthermore, petitioner has not unduly delayed the assertion of his new claim, having promptly filed the instant application after commencing the Article 78 proceeding. Moreover, it cannot be said that allowing an amendment to assert the proposed claim would unfairly prejudice the respondent or be abusive. Accordingly, petitioner is granted leave to amend his petition to assert a claim that the DOC was without authority to add five years post release supervision to the sentence imposed by the trial court and that the imposition of five years post release supervision by the DOC violated petitioner's due process rights. Petitioner must serve and file

7

the amended petition **within thirty (30) days from the date on which the judgment in the Article 78 proceeding becomes final by the conclusion of direct review or the expiration of the time for seeking such review, that is, after petitioner has exhausted his proposed claim in state court.**

B.  Stay and Abeyance

In Rhines v. Weber, 544 U.S. 269, 274, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that the "stay and abeyance" option should be available only in limited circumstances, i.e. "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277, 125 S.Ct. 1528. Even when the petitioner has demonstrated good cause for his or her failure to exhaust, the district court should not grant a stay when the unexhausted claims are plainly meritless. Id.

Neither the Supreme Court nor the Second Circuit have defined what constitutes "good cause" for a failure to exhaust. The Supreme Court has addressed the issue only once, in Pace v. DiGuglielmo, holding that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." 544 U.S. 408, 416-417, 125 S.Ct. 1807, 1813-1814, 161 L.Ed.2d 669 (2005).

The majority of those lower courts which have considered the meaning of "good cause" have analogized it to "the requirement that a habeas petitioner demonstrate 'cause' to excuse other types of procedural defaults." Ramdeo v. Phillips, No. 04-CV-1157, 2006 WL 297462, at * 5 (E.D.N.Y. Feb. 8, 2006)(citing cases). Under this reasoning, "good cause" only arises "from an objective factor external to the petitioner which cannot fairly be attributed to him or her." Id.

8

(internal quotations and citations omitted); see also Restrepo v. Kelly, 178 F.3d 634, 638 (2d Cir. 1999) (holding that in order to establish "cause" for a procedural default, the petitioner must show that some objective external factor impeded his ability to comply with the state's procedural rule). Even those courts which have rejected, either expressly or implicitly, the analogy between "good cause" for a failure to exhaust and "cause" for other types of procedural default, have found "good cause" only arising from external factors, not from conduct fairly attributable to the petitioner or from a petitioner's own tactical decisions. Ramdeo, 2006 WL 297462, at * 5-6 (citing cases).

It is evident from the Article 78 petition that petitioner was impeded from timely exhausting the proposed claim because he did not discover, and had no reason to exercise due diligence to discover, the imposition of the post-release supervision until June 19, 2006. Thereafter, he attempted to follow administrative grievance procedures unsuccessfully, at which time he promptly filed an Article 78 proceeding. He subsequently filed this application for a stay and abeyance soon after filing the Article 78 proceeding. Moreover, petitioner was prompt in filing his original habeas petition, and, thus, it does not appear that petitioner is engaging in abusive litigation tactics or intentional delay. Accordingly, under the circumstances of this case, petitioner has demonstrated good cause for his failure to timely exhaust his proposed claim in state court. Since, as noted above, petitioner's proposed claim is not plainly meritless, petitioner's application for a stay is granted.

III. CONCLUSION

Petitioner is granted leave to file an amended petition in order to assert a claim that the

9

imposition of five years post-release supervision by the DOC violated his due process rights, provided that he files the amended petition **within thirty (30) days after he has exhausted his proposed claim in state court.** Petitioner's application for a stay of his habeas petition is granted and the petition is stayed to allow petitioner to exhaust his proposed claim. If petitioner fails to comply with this order, the Court will vacate the stay *nunc pro tunc*. See Zarvela v. Artuz, 254 F.3d 374, 381-382 (2d Cir. 2001).

If petitioner decides that he does not want to exhaust or pursue his post-release supervision claim in this Court, he must notify the Court in writing of his decision to proceed on his original petition.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 25, 2007
Central Islip, New York

Copies to:

Oliver Wright, *pro se*
01A0455
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051-0999

Kings County District Attorney's Office
350 Jay Street
Brooklyn, New York 11201