UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
OLIVER WRIGHT,

                       Petitioner,                    **OPINION & ORDER**
                                                    **CV-06-1725 (SJF)(MDG)**

    -against-


ISRAEL RIVERA, Superintendent,
Coxsackie Correctional Facility,

                       Respondent.
-------------------------------------------------------X
FEUERSTEIN, J.

On January 3, 2001, a judgment of conviction was entered against petitioner Oliver Wright (petitioner) in the Supreme Court of the State of New York, Kings County (Marrus, J.) (the state court), upon a jury verdict finding him guilty of rape in the first degree (four counts) and imposition of sentence. On April 7, 2006, petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order dated September 25, 2007, I granted petitioner's application for a stay of his habeas petition to allow petitioner to exhaust his proposed claim challenging the determination of the New York State Department of Corrections (DOC) to add five (5) years post-release supervision to his sentence. Petitioner now admits that that proposed claim is moot, since he has subsequently been resentenced by the state court to a determinate term of imprisonment of sixteen (16) years followed by two and a half (2-1/2) years post release supervision. (See, Petitioner's "Reply to Court's Opinion and Order for Stay and Application to Amend Stay to Include Re-Sentencing Procedures" [Ptr. Reply], p. 3). However, petitioner now seeks "to amend" the stay of his petition pending exhaustion of his proposed claim that his

1

resentencing was illegal under New York Criminal Procedure Law § 440.40. For the reasons set forth herein, petitioner's application is denied.

I. DISCUSSION[1]

A. Leave to Amend

Since petitioner seeks to "amend" the stay to exhaust a claim not raised in his original habeas petition, I must first determine whether he may amend his petition to include a claim that his resentencing was illegal pursuant to New York Criminal Procedure Law § 440.40. Specifically, petitioner contends that his resentence was illegal because he was not resentenced within the one (1) year period prescribed by Section 440.40.

Rule 15(a) of the Federal Rules of Civil Procedure governs the standard for determining a motion to amend a habeas corpus petition that has not yet been decided on the merits. See Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. 2001); see also 28 U.S.C. § 2242 (providing that a petition for a writ of habeas corpus "may be amended * * * as provided in the rules of procedure applicable to civil actions"); Rules Governing Section 2254 Cases in the United States District Courts (Habeas Corpus Rules), Rule 11 (permitting application of the Federal Rules of Civil Procedure in habeas cases to the extent they are not inconsistent with any statutory provisions or the Habeas Corpus Rules); Fed. R. Civ. P. 81(a)(2) (stating that the civil rules are applicable to habeas corpus proceedings). Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] party may amend the party's pleading once as a matter of course at any

---

[1] The background of this proceeding was fully set forth in my prior order granting a stay dated September 25, 2007 and will not be reiterated herein.

time before a responsive pleading is served * * *. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Since respondent filed his response to the petition, and has not filed written consent to amend, I construe petitioner's application to amend the stay as also seeking leave to amend the petition.

Notwithstanding the liberal amendment requirement of Rule 15(a), leave may be denied "in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive," Littlejohn, 271 F.3d at 363; see also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), or where the proposed amendment would be futile. See Jones v. New York State Div. of Military and Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999). An amendment would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6). See Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002).

1. Futility of Proposed Claim

a. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs applications of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

> "from the latest of– (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on

which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction became final on November 14, 2004 and he had one year from that date, or until November 14, 2005, within which to file a petition for a writ of habeas corpus. However, that limitations period was tolled during the pendency of petitioner's application for a writ of error coram nobis, to wit, from the period between September 16, 2005 through March 31, 2006. Since petitioner filed his original habeas petition on April 7, 2006, the original habeas petition is timely.

However, petitioner now seeks to raise a claim that his resentencing on April 11, 2007 was illegal under state law. Although more than one year has elapsed since the date on which petitioner's judgment became final, even taking into account all tolling periods, the AEDPA limitations period runs from the latest of that date or, *inter alia*, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(2). As plaintiff did not discover the factual predicate for this proposed claim until the government moved on January 10, 2007 to set aside petitioner's original sentence pursuant to New York Criminal Procedure Law § 440.40, and he had no reason to otherwise suspect that the government would file such a motion and that he would be re-sentenced accordingly, such that he should have discovered this proposed claim earlier with due diligence, he has one year from that date, or until January 10, 2008, to assert this claim.

b.  Merits of Proposed Claim

Although petitioner's proposed claim would be timely if asserted prior to January 10, 2008, petitioner has not presented his claim in federal constitutional terms and, thus, his claim is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (holding that a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States). "[F]ederal habeas corpus relief does not lie for errors of sate law." Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990).

Petitioner contends that "the issue now * * * is if [his] re-sentencing is legal under New York State's Criminal Procedure Law § 440.40 and case law giving the people [sic] one year to apply to correct a sentence * * *." (Ptr. Reply, p. 2). Under New York Criminal Procedure Law § 440.40 the people may move within one (1) year after entry of a judgment to set aside the sentence "upon the ground that it was invalid as a matter of law." A sentencing court's power to correct a sentence challenged as substantively illegal is derived from state law and is purely statutory. See People v. Riggins, 164 A.D.2d 797, 559 N.Y.S.2d 535 (1st Dept. 1990). There is no constitutionally cognizable right or federal law requiring that such a motion be made in one year and, generally, sentences that fall within the range prescribed by state law are not reviewable in a federal habeas proceeding. See, e.g. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); Rustici v. Philips, 497 F.Supp.2d 452, 469 (E.D.N.Y. 2007); see also Earley v. Murray, 451 F.3d 71, 77, n.2 (2d Cir. 2006) (stating that any questions of the timeliness of a motion pursuant to N.Y. Crim. Proc. Law § 440.40 was for the New York courts to decide); Shand v. Miller, 412 F.Supp.2d 267, 273 (W.D.N.Y. 2006) (holding that the petitioner's challenge to the Appellate

5

Division's remand of his case for re-sentencing did not present a federal constitutional question cognizable on habeas review). Since petitioner's new sentence falls within the range prescribed by state law and his proposed claim is purely a matter of state law, it is not cognizable on federal habeas review and, thus, the proposed amendment is futile.

B. Stay and Abeyance

In Rhines v. Weber, 544 U.S. 269, 274, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), the Supreme Court held that the "stay and abeyance" option should be available only in limited circumstances, i.e. "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277, 125 S.Ct. 1528. Even when the petitioner has demonstrated good cause for his or her failure to exhaust, the district court should not grant a stay when the unexhausted claims are plainly meritless. Id.

Since, as noted above, petitioner's proposed claim is not cognizable on federal habeas review, it is plainly meritless. Thus, petitioner's application to "amend" the stay previously granted in this action is denied. Moreover, as petitioner has now admitted that the proposed claim challenging the determination of the DOC to add five (5) years post-release supervision to his sentence is moot, the prior order granting petitioner leave to amend his petition to add that claim and a stay of this proceeding is *sua sponte* vacated.

III. CONCLUSION

Petitioner's application to "amend" the stay previously granted in this action and, in effect, for leave to amend his petition to assert a proposed claim that his resentencing was illegal

6

in violation of New York Criminal Procedure Law § 440.40 is denied. In addition, the prior order dated September 25, 2007 granting petitioner leave to amend his petition to assert a claim challenging the determination of the DOC to add five (5) years post-release supervision to his sentence and a stay of this proceeding is *sua sponte* vacated and this proceeding will proceed on his original petition.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: November 29, 2007
Central Islip, New York

Copies to:

Oliver Wright, *pro se*
01A0455
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051-0999

Kings County District Attorney's Office
350 Jay Street
Brooklyn, New York 11201